| United States Bankruptcy Court<br>Western District of New York | VOLUNTARY PETITION |
|---|---|

**Name of Debtor (Last, Middle, First)**

**Laurent**, Anotte

ALL OTHER NAMES used by Debtor in the last **8** years (including married, maiden and trade names)

**NONE**

Last four digits of Soc. Sec. #7092

Street address of Debtor:

**221 Burritt Road**

| **Hilton NY** | Zip Code<br>**14468** |
|---|---|

County of Residence or of the Principal Place of Business
**Monroe**

Mailing Address of debtor (if different from street address): None

Location of Principal Assets of Business Debtor (If Different from street address above):   None

---

| Type of Debtor: | Nature of Business | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED: |
|---|---|---|
| **[X] Individual** (Includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>[ ] Corporation (includes LLC & LLP)<br>[ ]Partnership<br>[ ]Other: _____ | [ ] Health Care Business<br>[ ] Single Asset Real Estate  as defined in 11 USC §101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ]Commodity Broker<br>[ ] Clearing bank<br>------------------------------<br>[ ] Tax-Exempt Entity: Debtor is a tax exempt organization under Title 26 of the U.S. Code (The IRS Code) | **[X] Chapter 7** |

| [X] | Nature of Debt: Debts that are primarily **consumer debts**, defined in  11USC §101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
|---|---|
| [ ] | Debts are primarily **business debts** |

Filing fee: [X] Full filing fee attached

Chapter 11 Debtors: Not Applicable

---

### STATISTICAL ADMINISTRATIVE INFORMATION

THIS SPACE FOR COURT USE ONLY

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors

[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors (except, in the case of Chapter 13, from post-petition plan payments)

Estimated Number of Creditors: [X]1-49  [ ]50-99  [ ]100-199  [ ]200-999  [ ]1,000-5,000  [ ]5,000-10,000

Estimated Assets: [X]$0-$50,000  [ ]$50,001-$100,000  [ ]$100,001 to $500,000  [ ]$500,001 to $1Million

Estimated Debts: [X]$0-$50,000  [ ]$50,001-$100,000  []$100,001 to $500,000  []$500,001 to $1Million

## Voluntary Petition: Name of Debtors: Anotte   Laurent

**PRIOR BANKRUPTCY CASE FILED WITHIN LAST 8 YEARS : [X] NONE**

| Location where Filed: | Case # | Date filed: |
|---|---|---|

**Pending bankruptcy case filed by any Spouse, partner, or affiliate of this debtor: [X] NONE**

| Name of Debtor: | Case # | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

**Exhibit A** (To be completed if debtor is required to file periodic reports (e.g. form 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

**[X] Not Applicable**

**Exhibit B**

(To be completed if the debtor is an individual whose debts are primarily consumer debts:)

I, the attorney for the petitioner in the foregoing petition declare that I have informed the petitioner that [he or she] may proceed under Chapter 7, 11, 12, or 13 of Title 11, United States Code, and have explained the relief available under each such chapter.

I further certify that I have delivered to the debtor the notice required by §342(b) of the Bankruptcy Code.

/s/_____     Date signed: <u>March 12, 2009</u>
Peter Scribner; Attorney for  Debtor

**Exhibit C**

Does the Debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?

[ ] Yes, and Exhibit "C" is attached and made part of this petition

**[X] NO**

**Exhibit D:** (to be completed by every debtor.  If a joint petition is filed, each spouse must complete and attach a separate exhibit D.)

[X] Exhibit D completed and signed by the debtor is attached and made a part of this petition.

[ ] If this is a joint petition, Exhibited D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor -- Venue (Check the Applicable Boxes)**
[X] VENUE: Debtor has been domiciled or has had a residence, principle place of business or principle assets in this District 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
[ ] There is a bankruptcy case concerning the debtor's affiliate, general partner, or partnership pending in this District.
[ ] Debtor is a debtor in a foreign proceeding and has its principle place of business or principle assets in the United States in this District, or has no principle place of business or assets in the United States but is a defendant in an action pr proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this district

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes*

[ ] Landlord has a judgment against the debtor for possession of the debtor's residence.
(If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

[ ] Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

[ ] Debtor has included in this petition the deposit with the Court of any rent that would become due during the 30-day period after the filing of the petition.

[ ] Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Voluntary Petition: Name of Debtors: Anotte   Laurent

**Signature of Debtor (Single Debtor):**

**I declare under penalty of perjury that the information provided in this petition is true and correct. [If the petitioner is an individual whose debts are primarily consumer debts] I am aware that I may proceed under chapter 7, 11, 12, or 13 of Title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title**. **I request relief in accordance with chapter 7 of title 11, United States Code, as specified in this petition.**

/s/_____     Date signed:   March 12, 2009
Signature of  Anotte Laurent
Chapter 7 Debtor

**Signature of Attorney\***

/s/_____     Date signed:   March 12, 2009
Peter Scribner; Attorney for  Debtor
1110 Park Avenue
Rochester, NY 14610
Phone: (585) 261-6461          fax: (585) 256-6462          e-mail: pscribner@rochester.rr.com

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

UNITED STATES BANKRUPTCY COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

Laurent, Anotte                                                                                                    Chapter 7

_____

**EXHIBIT D - INDIVIDUAL DEBTOR STATEMENT OF COMPLIANCE WITH
CREDIT COUNSELING REQUIREMENT (Laurent, Anotte)**

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[X]      1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[ ]      2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

[ ]      3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

[ ]      4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

         [ ]      Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

         [ ]      Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**

         [ ]      Active military duty in a military combat zone.

[ ]      5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. §109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Date signed:  <u>   March 12, 2009   </u>      /s/_____
                                            Anotte Laurent

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

Laurent, Anotte                                                                    Chapter 7

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedule A and B to determine the total amount of the Debtor's assets. Add the amounts from Schedule D, E, and F to determine the total amount of the Debtor's liabilities. Individual debtors must also complete the "Statistical Summary of certain Liabilities"

| Name of Schedules | Attached (Yes/No) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A- Real Property | Yes | Part of 1 | $0.00 | | |
| B-Personal Property | Yes | 3 | $9,623.00 | | |
| C- Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors holding Secured Claims | Yes | part of 1 | | $0.00 | |
| E- Creditors holding Priority Claims | Yes | 1 | | $0.00 | |
| F- Creditors holding Unsecured Claims | Yes | 6 | | $36,806.18 | |
| G- Contracts & Unexpired leases | Yes | part of 1 | | | |
| H- Co-Debtors | Yes | part of 1 | | | |
| I- Current income | Yes | 1 | | | $2,695.00 |
| J- Current expenses | Yes | 2 | | | $2,795.00 |
| Total sheets in all schedules ▷ | | 14 | | | |
| Total Assets ▷ | | | $9,623.00 | | |
| Total liabilities ▷ | | | | $36,806.18 | |

_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 USC §159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

[ ] Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes & certain other debts owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or personal injury while debtor was intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan obligations (from schedule F) | $0.00 |
| Domestic support, separation agreement and divorce decree obligations not reported on Schedule E | $0.00 |
| Obligations to pensions or profit-sharing, and other similar obligations (from schedule F) | $0.00 |
| Total | $0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $2,695.00 |
| Average Expenses (from Schedule J, Line 18) | $2,795.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $3,843.82 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $36,806.18 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $36,806.18 |

Laurent, Anotte                                                                      Chapter 7

---

## Schedule A: Real Property

### [X] Check here if Debtor does not own any Real Property

### [X] Check here if Debtor has not owned any real estate in the past six years

Except as directed below, list all real property in which the Debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the Debtor has a life estate. Include any property in which the Debtor holds rights and powers exercisable for the Debtor's own benefit. If the Debtor is married, state whether husband, wife, or both own the property by placing an "H", "W" or "J" (for "husband", "wife" or "Joint") in the "H, W, or J" column.

Do not include any leases or contracts in this schedule (list them in Schedule G - Executory Contracts and Unexpired Leases.)

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D

| Description and Location of Property | Nature of Debtor's Interest in property | Current Value of Debtor's Interest in Property | Description of any Secured Claim | Amount of any Secured Claim |
|---|---|---|---|---|
| None | | | | |

| | |
|---|---|
| **Total:** | $0.00 |

---

## Schedule B - Personal Property

Except as directed below, list all personal property of the Debtor of whatever kind. If The Debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "NONE." If the Debtor is married, state whether husband, wife, or both own the property by placing an "H", "W" or "J" (for "husband", "wife" or "Joint" in the "H, W, or J" column. Do not include any leases or contracts in this schedule (list them in Schedule G - Executory Contracts and Unexpired Leases. If the property is being held for the Debtor by someone else, state that person's name and address under "description."

| Type of Property | N O N E | Description and Location of Property | Current Value of Debtor's Interest in Property |
|---|---|---|---|
| 1. Cash on hand | | | $2.00 |
| 2. Checking, savings or other financial accounts; Certificates of Deposit or shares in banks, Savings and Loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives: | | Name of Bank: Bank of America Savings ***0276; joint account with husband | $890.00 |
| | | Bank of America savings account ***3390; joint with husband; this account includes debtor's 2008 tax refund | $5,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords or other | | Security deposit with landlord | $400.00 |

| Type of Property | N O N E | Description and Location of Property | Current Value of Debtor's Interest in Property |
|---|---|---|---|
| 4. Household goods & furnishings, including audio, video & computer equipment | | 1/2 interest in: Exempt assets: regular household furniture and kitchenware, including: TV, bought for $150; 27" Magnavox TV, gift in 2006 (est. retail c. $75); Sony DVD player, bought 2006 for $40; Sony desktop computer, bought 2005 for $325 | $2,000.00 |
| 5. Books, pictures, and other art objects; antiques, stamp, coin record, tape, compact disk and other collections or collectibles | | 1/2 interest in: c. 100 books (mostly children's books); (5) CD's; (6) children's DVD's | $50.00 |
| 6. Wearing apparel | | | $500.00 |
| 7. Furs & jewelry | | Wedding ring, original retail $325 | $100.00 |
| | | (7) costume necklaces, average retail c. $5; (20) costume bracelets, average retail $5; (8) pr. costume earrings, average retail $8 | $50.00 |
| | | (2) watches; each bought for $10 | $10.00 |
| 8. Firearms and sports, photographic and other hobby equipment | | Samsung digital camera, bought 2006 for $78 | $20.00 |
| 9. Interest in insurance policies (list surrender or refund value) | X | | $0.00 |
| 10. Annuities | X | | $0.00 |
| 11. Interest in Educational IRA (26 USC §530(b)(1) or under a qualified State tuition plan (26 USC §529(b)(1) (file separate the records of any such interests (§521(c); Rule 1007(b)) | X | | $0.00 |
| 12. Interest in IRA, ERISA, Keogh, or other pension or profit sharing plans. | X | | $0.00 |
| 13. Stock & interests in incorporated or unincorporated businesses. | X | | $0.00 |
| 14. Interests in partnerships or joint ventures. | X | | $0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | $0.00 |
| 16. Accounts receivable. | X | | $0.00 |
| 17. Alimony, maintenance, support, or property settlements to which the Debtor may be entitled. | X | | $0.00 |
| 18. Other liquidated debts owing Debtor. | X | | $0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the Debtor other than property listed in schedule of Real Property. | X | | $0.00 |
| 20. Contingent & non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | $0.00 |

| Type of Property | N O N E | Description and Location of Property | Current Value of Debtor's Interest in Property |
|---|---|---|---|
| 21. Other contingent & unliquidated claims of every nature, inc. **tax refunds**, counter-claims of Debtor, and rights to setoff claims | | Possible pro-rata pre-petition portion of 2009 tax refunds | $1.00 |
| 22. Patents, copyrights, and other intellectual property. | X | | $0.00 |
| 23. Licenses, franchises, general intangibles. | X | | $0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (§101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family or household purposes. | X | | $0.00 |
| 25. Automobiles, trucks, trailers & other vehicles and accessories. | | 1998 Chevy Venture, 178,000 miles, purchased early 2008 for $1,000 | $300.00 |
| | | 1997 Dodge Caravan, 140,000 miles, purchased late 2008 for $1,000 | $300.00 |
| 26. Boats, motors & accessories. | X | | $0.00 |
| 27. Aircrafts & accessories. | X | | $0.00 |
| 28. Office equipment, furnishings & supplies. | X | | $0.00 |
| 29. Machinery, fixtures, equipment & supplies used in business. | X | | $0.00 |
| 30. Inventory | X | | $0.00 |
| 31. Animals | X | | $0.00 |
| 32. Crops - growing or harvested. | X | | $0.00 |
| 33. Farming equipment and implements | X | | $0.00 |
| 34. Farm supplies, chemicals and feed. | X | | $0.00 |
| 35. Other personal property of any kind not already listed | X | | $0.00 |

## Schedule B Total: $9,623.00

# Schedule C: Property Claimed as Exempt

## Note: Debtor claims federal exemptions

Debtor lived in Florida 2003 through January 2008 (see Statement of Financial Affairs, Q. 15). Debtor is not entitled to use New York exemptions. Florida Statutes: 222.20 "Nonavailability of federal bankruptcy exemptions.– In accordance with the provision of Sect. 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. Sect. 522(b)), **residents of this state** shall not be entitled to the federal exemptions provided in Sect. 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. s. 522(d))." (emphasis added.)  *In re Battle* W.D. Texas Bk. #06-50454, decision 12/12/2006: *"On the date that the Debtor filed her bankruptcy petition, she did not live in Florida; she lived in Texas. She was therefore not a Florida resident on the filing date. The Florida opt-out statute, itself made applicable to this Debtor by sections 522(b)(2) and 522(b)(3)(A), states that "residents of this state shall not be entitled to the federal exemptions. . . .". By its own terms, therefore, the opt-out applies only to Florida residents.  Because this Debtor was not a resident of Florida on the filing date, the Florida opt-out statute does not bar this Debtor from claiming federal exemptions."*

| Description of Property | Specify 11 USC Sect. 522(d) section providing each exemption | Value of Claimed Exemption | Value of Property without deducting exemptions |
|---|---|---|---|
| 1998 Chevy Venture | 522(d)(2) | $3,252.00 | $300.00 |
| Household furnishings, goods, clothing, appliances, books, animals, held primarily for personal or household use (Sch. B lines #4, 5 & 6) | 522(d)(3) | $10,775.00 (maximum of $525 for any one particular item) | $2,550.00 |
| Jewelry (Sch B line 7, not including watch) | 522(d)(4) | $1,350.00 | $150.00 |
| Cash, bank accounts, tax refund, 1997 Dodge Caravan, tax refund, and all other property listed on Schedule B, not otherwise exempted, that has a combined total value below the "Value of Claimed exemption" limit listed here. | 522(d)(5) | $11,200.00 | $6,612.00 |

# Schedule D: Creditors holding Secured claims

## [X] Check here if Debtor has no creditors holding secured claims to report on this Schedule D

State the name, mailing address, including zip code, and account number, if any, of all of all entities holding claims secured by  the property of the Debtor, as of the date of filing the petition.  List creditors holding all  types of secured interests such as lien judgements, garnishments, statutory liens, mortgages, and other security interests.
[X ] Check here if Debtor has no co-Debtor other than spouse. Otherwise, list any co-Debtor in "description" column.
[X ] Check here if no debts are contingent or disputed; otherwise, list any contingency or dispute in the "description" column.

| Creditor Name and Mailing Address | Description of security, account #,  and date of debt | Full Value of security | Full Amount of Claim | Unsecured portion of claim |
|---|---|---|---|---|
| None | | | | |
| Total (report  total of "full amount of claimed" on Summary of Schedules;  report "total of unsecured portion of claims", if applicable, on Statistical  Statement of Certain Liabilities and Related Data.) | | | $0.00 | |

## Schedule E: Creditors holding Unsecured, Priority claims

**[X] Check here if Debtor has no creditors holding unsecured priority claims to report on this Schedule E**

A complete list of claims entitled to property, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided below, state the name and mailing address, including zip code, and account number if any, of all entities holding priority claims against the Debtor or property of the Debtor, as of the date of the petition.

[ ] **Domestic Support Obligations:** Claims for alimony, maintenance or domestic support that are owed to or recoverable by a spouse, former spouse or child of the debtor, or the parent, legal guardian, or responsible relative of such child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 USC §507(a)(1)

[ ] **Extensions of credit in an involuntary case**. 11 USC §507(a)(3)

[ ] **Wages, salaries, & commissions**: Wages, salaries, & commissions, including vacation, severance, and sick leave pay owing to employees and commissions owed to qualified sales representatives up to $10,000 per person earned within 180 days preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 USC §507(a)(4)

[ ] **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 USC §507(a)(5)

[ ] **Claims of certain farmers and fisherman**, up to $4,925 per farmer or fisherman, against the debtor, as provided in 11 USC §507(a)(6)

[ ] **Deposits of individuals**: Claims of individuals up to a maximum of $2,225 for deposits, leases, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 USC §507(a)(7)

[ ] **Taxes and Other Certain Debts Owed to Governmental Units**: Taxes, customs duties, and penalties owing to federal, state and local governmental units as set forth in 11 USC §507(a)(8)

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution.** 11 USC §507(a)(9)

[ ] **Claims for Death or Personal Injury While Debtor was Intoxicated:** Claims for Death or Personal Injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or other substance. 11 USC §507(a)(10)

## Schedule E: continuation sheet

| Creditor Name and Address and account number | Date claim was incurred & consideration for claim | Any Co-debtor; contingent, unliquidated, disputed? | Amount of claim | Amount entitled to priority | Amount **NOT** entitled to priority, if any |
|---|---|---|---|---|---|
| None | | | $0.00 | | |
| **Total**: (Report also on Summary of Schedules.) | | | $0.00 | | |
| **Total**: (if applicable, report on Statistical Statement of Certain Liabilities and Related Data.) | | | | $0.00 | $0.00 |

# Schedule F: Creditors holding Unsecured, non-priority claims

State the name, mailing address, including zip code, and account number, if any, of all of all entities holding unsecured claims without priority against the Debtor or the property of the Debtor, as of the date of filing the petition. Do not include claims listed in schedule D & E.

[X] Check here if Debtor has no co-Debtor other than spouse. Otherwise, list any co-Debtor in "description" column.

[X] Check here if no debts are contingent or disputed; otherwise, list any contingency or dispute in the "description" column.

Note: for revolving charge accounts, the "debt date" listed below is the approximate date the account was last used.

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| ACC<br>921 Oak Street<br>Scranton, PA 18508<br><br>Alternative address:<br>American Credit<br>PO Box 264<br>Taylor PA 18517 | xxxx-24N1 | Medical debt | Unk. | $149.00 |
| For notification only:<br>Afni<br>PO Box 3427<br>Bloomington, IL 61702<br><br>Alternative address:<br>Afni<br>404 Brock Dr<br>Bloomington, IL 61701 | xxxx-9235<br>xxxx-9537 | Consumer transaction (Sprint) | 2004 | $401.00 |
| Alliance One<br>1684 Woodlands Dr.<br>Maumee, OH 43537 | xxxx-4497 | Medical debt (Health Central) | 2005 | $75.00 |
| Anesthesia of Orlando<br>400 N Mills Ave.<br>Orlando, FL 32805 | xxxx-2614 | Medical debt | 2005 | $81.00 |
| Arrow Financial<br>5996 West Touhy Ave<br>Niles, NY 60714<br><br>Alternative address:<br>Arrow Financial<br>8589 Aero Drive<br>San Diego, CA 92123 | xxxx-9859 | Consumer transaction | Unk. | $1,059.00 |
| **Sub-total; this page (page 1 of 6):** | | | | $1,765.00 |

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| Bright House<br>844 Maguire Road<br>Ocoee, FL 34761<br><br>For notification only:<br>Credit Protection Association<br>Agent for Bright House<br>13355 Noel Rd suite 2100<br>Dallas TX 75240 | xxxx-7265 | Consumer transaction (cable) | >2003 | $1,056.00 |
| Central Florida Educators FCU<br>PO Box 958471<br>Lake Mary, FL 32795-8471 | xxxx-6209<br>xxxx-3140 | Consumer transaction (credit card) | >2007 | $1,129.59 |
| Collection Bureau<br>1595 S. Semoran Blvd  Ste 1550<br>Winter Park, FL 32792 | xxxx-0001 | Medical debt (Medical Center) | 2005 | $126.00 |
| Consumer Portfolio Services, Inc<br>PO Box 98731<br>Phoenix AZ 85038-0731<br><br>Alternative address:<br>Consumer Portfolio Services, Inc<br>2605 Maitland Center Parkway, Suite A<br>Maitland, FL 32751<br><br>Alternative address:<br>Consumer Portfolio Services, Inc<br>19500 Jamboree Road<br>Irvine, CA 92612 | xxxx-0417 | Consumer transaction (car repossession) | 2008 (repo date) | $10,978.88 |
| Direct TV<br>PO Box 78626<br>Phoenix, AZ 85062-8626<br><br>For notification only:<br>NCO Financial Services<br>Agent for Direct TV<br>PO Box 4906 Dept. 09<br>Trendon, NJ 08650 | xxxx-6245 | Consumer transaction | 2007 | $336.62 |
| Direct TV<br>2230 East Imperial Highway<br>El Segundo, CA 90245 | xxxx-9522 | Consumer transaction | 2007 | $304.00 |
| Dorado Apartments<br>1400 W Donegan Ave<br>Kissimmee, FL 34741<br><br>For notification only:<br>Florida First Financial<br>Agent for Doprado Apartments<br>1718 E. Giddens Ave.<br>Tampa, FL 33610 | xxxx-7766 | Consumer transaction | >2003 | $2,060.00 |
| **Sub-total; this page (page 2 of 6):** | | | | $15,991.09 |

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| Drive Financial Services<br>PO Box 660633<br>Dallas, TX 75266-0633<br><br>Alternative address:<br>Santander Consumer USA Inc.<br>P.O. Box 562088<br>Suite 900<br>Dallas, TX 75247 | xxxx-1000 | Consumer transaction (car repossession in 2008) | >2008 | $9,750.00 |
| Family Health<br>10000 West Colonial Drive<br>Ocoee, FL 34761 | xxxx-3881 | Medical debt | 2007 | $65.00 |
| Health America Credit Union<br>9790 Touchton Road<br>Jacksonville, FL 32246 | xxxx-0001 | Medical debt | 2003 | $190.00 |
| Health Central<br>10000 West Colonial Drive<br>Orlando, FL 34761<br><br>For notification only:<br>Premium Asset Recovery<br>Agent for Health Central<br>350 Jim Morgan Blvd. Suite 2<br>Deerfield, Fl 33442 | xxxx- 3674 | Medical debt | >2007 | $144.00 |
| HSB Retail Services<br>PO Box 5238<br>Carol Stream, IL 60197-5328 | xxxx-1684 | Consumer transaction | >2000 | $1,271.41 |
| HSBC Financial Corp.<br>26525 N Riverwoods Blvd<br>Mettawa, IL 60045-3428<br><br>Alternative address:<br>Household Bank<br>Dept. 7680<br>Carol Stream, IL 60116-7680<br><br>Alternative address:<br>LVNV Funding LLC<br>Successor to HSBC<br>15 South Main Street Suite 600<br>Greenville, SC 29601<br><br>Alternative address:<br>LVNV Funding LLC<br>Successor to HSBC<br>P.O.Box 3038<br>Evansville, IN 47730<br><br>Alternative address:<br>LVNV Funding LLC<br>Successor to HSBC<br>9700 Bissonnet, Suite 200<br>Houston, TX 77036 | HSBC:xxxx-1684<br>LVNV:xxxx-0026 | Consumer transaction (Household, Best Buy; may be duplicate of HSB) | >2000 | $2,328.00 |
| **Sub-total; this page (page 3 of 6):** | | | | $13,748.41 |

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| Longwood Kia<br>725 N US Highway 17/92<br>Longwood, FL 32750 | xxxx-7135 | Consumer transaction | 2007 | $275.00 |
| National Action Financial Services<br>PO Box 9027<br>Williamsville, NY 14231 | xxxx-5481 | Consumer transaction | Unk. | $47.00 |
| NCO Financial<br>PO Box 7216<br>Philadelphia PA 19044 | xxxx-9522 | Consumer transaction (Direct TV) | 2007 | $304.00 |
| Orlando Regional Health Care<br>1414 Kuhl Avenue<br>Orlando, FL 32806<br><br>For notification only:<br>OSI Collections Services<br>Agent for Orlando Regional Health<br>PO Box 3900<br>Lakeland, FL 33802<br><br>For notification only:<br>Midland Credit Management<br>Agent for Orlando Regional Health<br>8875 Aero Drive<br>San Diego, CA 92123<br><br>For notification only:<br>Midland Credit Management<br>Agent for Orlando Regional Health<br>PO Box 85260<br>San Diego, CA 92186<br><br>For notification only:<br>RMB Inc<br>Agent for Orlando Regional Health<br>409 Bearden Park Circle<br>Knoxville, TN 37919 | xxxx-7913<br>xxxx-8796<br>xxxx-7898 | Medical debt | >2005 | $203.00 |
| Pathology Specialist, PA<br>1814 Bellevue Avenue<br>Orlando, FL32806 | xxxx-7328<br>xxxx-  1617 | Medical debt | 2000 | $740.00 |
| People Gas<br>702 North Franklin St.<br>Tampa, FL 33601-2562<br><br>For notification only:<br>Online Collection<br>Agent for People's Natural Gas<br>202 West Fire Rd.<br>Winterville, NC 28590 | xxxx-0670 | Consumer transaction | >2006 | $157.00 |
| **Sub-total; this page (page 4 of 6):** | | | | $1,726.00 |

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| Physician Associate<br>550 E. State Road 434<br> Longwood, FL 32750<br><br>For notification only:<br>IC Systems<br>PO Box 64378<br>Saint Paul, MN 55164 | xxxx-3680 | Medical debt | 2004 | $241.00 |
| Russo, John E.; DMD<br>430 North Mills Avenue<br>Orlando, FL  32803<br><br>For notification only:<br>Capital Accounts<br>Agent for John Russo, DMD<br>PO Box 140065<br>Nashville TN 37214 | xxxx-7082 | Medical debt | 2007 | $560.00 |
| Sprint<br>6391 Sprint Parkway<br>Overland Park KS 66251-4300<br><br>For notification only:<br>Pentagroup Financial<br>Agent for Sprint<br>5959 Corporation Drive Suite 14<br>Houston TX 77036 | xxxx-9235<br>xxxx-1235 | Consumer transaction | >2005 | $562.00 |
| Supra Telecom<br>3637 Meadow Lake Ln.<br>Orlando, FL 32808<br><br>For notification only:<br>Rickenbacker Group<br>Agent for Supra Telecom<br>15005 Concord Circle<br>Morgan Hill, CA 95037 | xxxx-4500 | Consumer transaction | 2006 | $91.00 |
| Target<br>PO Box 59231<br>Minneapolis, MN 55459 | xxxx-20-90 | Consumer transaction | 2000 | $683.88 |
| The Credit Bureau Inc.<br>19 Prince Street<br>Rochester NY 14607 | xxxx-9607 | Consumer transaction (Wegmans) | 2008 | $125.00 |
| Wachovia Bank<br>1525 West W.T. Harris Blvd.<br>Charlotte, NC 28288<br><br>For notification only:<br>RJM Acquisitions<br>Agent for Wachovia<br>575 Underhill Blvd<br>Sosset, NY 11791-3426 | xxxx-1617 | Consumer transaction | 2007 | $412.00 |
| **Sub-total; this page (page 5 of 6):** | | | | $2,674.88 |

| Creditor Name and Address | Account number | Description | Debt date | Amount of claim |
|---|---|---|---|---|
| Washington Mutual<br>PO Box 660509<br>Dallas, TX 75266<br><br>For notification only:<br>ERS Solutions, Inc.<br>Agent for Washington Mutual<br>PO Box 9004<br>Renton, WA 98057-9004<br><br>For notification only:<br>United Recovery Systems, Inc.<br>Agent for Washington Mutual<br>3100 S. Gessner Suite 400<br>Houston, TX 77063 | xxxx-2003 | Consumer transaction | 2005 | $775.80 |
| Wegmans Credit Department<br>1500 Brooks Avenue<br>PO Box 30844<br>Rochester, NY 14603-0844 | xxxx-9607 | Consumer transaction | 2008 | $125.00 |
| **Sub-total; this page (page 6 of 6):** | | | | $900.80 |
| **Total:** (Report also on Summary of Schedules. If applicable, report on Statistical Statement of Certain Liabilities and Related Data.) | | | | $36,806.18 |

## Schedule G: Executory Contracts and Unexpired Leases
## [ X ] Check here if Debtor has no Executory Contracts or Unexpired Leases

Described all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of Debtor's interest in contract, i.e. "Purchaser," "Agent" etc. State whether the Debtor is lessor or lessee of a lease. Provide the name and complete mailing address of all parties to each lease or contract described. NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors

| Name and Mailing Address, including Zip Code, of other parties to lease or contract | Description of contract or lease and nature of the Debtor's interest, state weather lease is for nonresidential real property. State contract number of any government contract |
|---|---|
| | |

## Schedule H: Co-Debtors

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debt listed by a Debtor in the schedules of creditors. Include all guarantors and cosigners. Include all names used by a non-Debtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a co-debtor or creditor, indicate that by stating "a minor child" and do not include the child's name.

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Jean Francois (husband) | Car Financial Services; Florida First Financial; Central Florida Educators FCU; Consumer Portfolio Service Drive Financial |

# Schedule I: Current Income of Debtor

*Official instructions:* The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 and 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital status: | Dependents of Debtor & Spouse: | Age | Relationship |
|---|---|---|---|
| Married | DF | 11 | |
| | JF | 8 | |
| | JF | 7 | |
| | KF | 5 | |
| | JF | 3 | |

| Employment | Debtor | Spouse |
|---|---|---|
| **Occupation** | Book keeper | Currently unemployed |
| **Name of Employer** | Genesee & Wyoming Railroad Services Inc. | |
| **How long employed** | Started 2/23/09 | |
| **Address of employer** | 1200 C Settsville Rd. Ste. 200; Rochester n Y 14624 | |

| Income: (estimate of average monthly income) | Debtor | Spouse |
|---|---|---|
| 1. Current monthly gross wages and commissions | $2,501.00 | $0.00 |
| 2. Estimated monthly overtime | $0.00 | |
| 3. SUBTOTAL | $2,501.00 | |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $375.00 | |
| b. Health and other insurance | $0.00 | |
| c. Union dues | $0.00 | |
| d. Other (Specify: *Railroad Retirement Tier 1 & 2* | $250.00 | |
| 5. SUBTOTAL OF ALL PAYROLL DEDUCTIONS | $625.00 | |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | **$1,876.00** | **$0.00** |
| 7. Regular income available from the operation of a business; profession, or farm. Attach detailed statement | $0.00 | $0.00 |
| 8. Interest from real property | $0.00 | $0.00 |
| 9. Interest & dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance, or support payments payable to the Debtor for the Debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. Social Security or other government assistance *Unemployment* | $0.00 | $819.00 |
| 12. pension or retirement income or other monthly income | $0.00 | $0.00 |
| 13. Other: | $0.00 | $0.00 |
| 14. Sub-total of lines 7 through 13 | $0.00 | $0.00 |
| 15. AVERAGE MONTHLY INCOME (Combined lines 6 & 14): | $1,876.00 | $819.00 |
| **16.** **COMBINED AVERAGE MONTHLY INCOME:** (Report also on Summary of Schedules. If applicable, report on Statistical Statement of Certain Liabilities and Related Data.) | | **$2,695.00** |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document: -- **NONE**

# Schedule J: Current Household Expenditures

Complete this schedule by estimating the average monthly expenses of the Debtor and the Debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

| Description | Amount |
|---|---|
| 1. **Rent** or home mortgage payment<br>(a) Insurance included? N/A   (b) Real Estate taxes included? N/A | $1,075.00 |
| 2. a. Utilities:   Electricity and heating fuel | $375.00 |
| b. Water & Sewer | $0.00 |
| c. Telephone, home landline | $60.00 |
| d. Sanitation | $0.00 |
| 3. Home maintenance (repair & upkeep) | $100.00 |
| 4. Food | $600.00 |
| 5. Clothing | $100.00 |
| 6. Laundry & dry cleaning | $20.00 |
| 7. Medical & dental expenses (not reimbursed by insurance) | $0.00 |
| 8. Transportation (not including car payments): Gas: $200   Repair: $200 | $400.00 |
| 9. Recreation, clubs & entertainment, newspapers, magazines etc. | $0.00 |
| 10. Charitable contributions | $0.00 |
| 11. a. Insurance (not deducted from wages or included in home mortgage payments):<br>Homeowner's or renter's insurance | $0.00 |
| b. Life insurance | $0.00 |
| c. Health insurance | $0.00 |
| d. Automobile insurance | $65.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments): Specify: | $0.00 |
| 13. Installment payments that will still be paid after filing:<br>(in Chapter 13, do not include payments to be included in the plan) | $0.00 |
| 14. Alimony, maintenance, and support paid to others | $0.00 |
| 15. Payments for support of additional dependents not living at home | $0.00 |
| 16. Regular expenses from operation of business, profession or farm (attach detailed statement) | $0.00 |
| 17. Other: | $0.00 |
| **18.** **Average Monthly Expenses** (Report also on Summary of Schedules. If applicable, report on Statistical  Statement of Certain Liabilities and Related Data.) | **$2,795.00** |
| 19. Describe any increase or decrease in expenses reasonably anticipated to occur within the year following the filing of this document: | None |
| **20. Statement of monthly net income:** | |
| a. Average monthly income, from Schedule I: | $2,695.00 |
| b. Average monthly expenses, from Schedule J, above | $2,795.00 |
| c. Monthly net income (a. minus b.) | $0.00 |
| d. Chapter 13 only: Total amount to be paid into the plan each month: | $0.00 |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES:

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR:

 I declare under penalty of perjury that I have read the foregoing summary & schedules, consisting of 15 sheets (total shown on summary page plus 1), and that they are true and complete to the best of my/our  knowledge, information and belief.

Date signed:  __March 12, 2009__

/s/_____
    Anotte Laurent

*Penalty for making a false statement or concealing property: fine of up to $500,000 or imprisonment for up to five years, or both. 18 USC §§152 and 3571*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every Debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, must also complete questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."**

**Definitions:**

*"In business."*  A debtor is "in business for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is, or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: 1) an officer, director, managing executive or owner of 5 percent or more of the voting or equity securities of a corporation; 2) a partner, other than a limited partner, of a partnership; 3) a sole proprietor or 4) self employed full time or part time.  An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes, but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporation of which the debtor is an officer, director or person in control; officers, directors and any other owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 USC §101.

|  |  |  |  |
|---|---|---|---|
| **1. Income from Employment or operation of  business:** State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the debtor's business, including part time activities, either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (Married debtors filing under Chapter 13 must state of both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  **Source:** | Y/T/D | $4,168.08 |
|  | 2008 | $19,126.00 |
|  | 2007 | $29,318.00 |

| NONE [X] | **2. Income Other than from Employment or operation of a business:** State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. (Married debtors filing under Chapter 13 must state of both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)  **Source:** |
|---|---|

**NONE**
**[X]**

**3. Payments to creditors:** *Complete a. or b. as appropriate and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods and services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under Chapter 13 must include payments by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor; date of payment; amount paid; and amount still owing:**

**N/A**

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under Chapter 13 must include payments by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor; dates of payments or transfers; amount paid or value of transfers; and amount still owing:**

**NONE**
**[X]**

c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders: (Married debtors filing under Chapter 13 must include payments by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor and relationship to debtor; date of payment; amount paid; and amount still owing:**

**NONE**
**[X]**

**4. Suits and administrative proceedings, Executions, Garnishments and Attachments:**

a. List all suits and administrative proceedings to which the Debtor is or was a party within **one year** immediately preceding the commencement of this bankruptcy case. (Married debtors filing under Chapter 13 must include information concerning either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include caption of suit and case number; nature of proceeding; court or agency and location; and status or disposition.**

**NONE**
**[X]**

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning property of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of person for whose benefit property was seized; date of seizure; and description and value of property.**

**NONE**
**[X]**

**5. Repossessions, Foreclosures & Returns:** list all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure, or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning property of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor or seller; date of repossession, foreclosure sale, transfer or return; and description and value of the property.**

**NONE**
**[X]**

**6. Assignments and Receiverships.**
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include any assignment by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of assignee; date of assignment; and terms of assignment or settlement.**

**NONE**
**[X]**

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning property of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of custodian; name of court, case title and number; date of order; and description and value of the property.**

**NONE**
**[X]**

**7. Gifts:** List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under Chapter 13 must include gifts or contributions of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of person or organization; relationship to debtor, if any; date of gift; and description and value of gift.**

**NONE**
**[X]**

8. Losses: List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or **since the commencement of this case.** (Married debtors filing under Chapter 13 must include loses by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include description and value of property; description of circumstances and, if loss was covered in whole or in part by insurance, give particulars; and date of loss.**

**9. Payments related to debt counseling or bankruptcy:** List all payments made or property transferred by or on behalf of the Debtor to any person, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law, or preparation of a bankruptcy petition within **one year** immediately preceding the commencement of this case. **Include name and address of payee; date of payments; name of payor if other than debtor; amount of money or description and value of property**

Prior to filing, Debtor paid Attorney Peter Scribner; 1110 Park Avenue; Rochester NY; $299.00 filing fee and a retainer of $1,001.00

Pre-petition consumer credit counseling $50

**NONE**
**[X]**
**10. Other transfers:**
a. List all other property, other than property transferred in the ordinary course of business or financial affairs of the Debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include transfers by either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of transferee; date of transfer; description of property transferred and value received.**

**NONE**
**[X]**
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trustor similar device of which the debtor is a beneficiary. **Include name of trust or other devise; date(s) of transfer(s); amount of money or description and value of of property or debtor's interest in property.**

**NONE**
**[X]**
**11. Closed financial accounts:** List all financial accounts and instruments held in the name of the Debtor or for the benefit of the Debtor which were closed, sold or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts in banks, credit unions, pension funds, cooperative funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under Chapter 13 must include information concerning accounts or instruments held by or for either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of institution; type of account; last four digits of account number; amount of final balance; and amount & date of sale or closing.**

**NONE**
**[X]**
**12. Safe deposit Boxes:** List each safe deposit or other box or depository in which the Debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include boxes or depositories of either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of bank or other depository; name and address of those with access to box or depository; description of contents; and date of transfer or surrender, if any.**

**NONE**
**[X]**
**13. Setoffs:** List all setoffs made by any creditor, including a bank, against a debt or deposit of the Debtor within **90 days** immediately preceding the commencement of this case. (Married debtors filing under Chapter 13 must include information concerning either or both spouses, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) **Include name and address of creditor; date of setoff; and amount of setoff.**

**NONE**
**[X]**
**14. Property Held for Another Person:** List all property owned by another person the Debtor holds or controls. **Include name and address of owner; description and value of property; and location of property.**

**15. Prior Address of Debtor:** If the Debtor has moved within **three years** immediately preceding the commencement of filing this case, list all premises which the Debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse. **Include address; name used; and dates of occupancy.**

1539 Loch Avich Road,
Winter Garden FL 34468
2003 thru Jan. 2008

NONE
[X]

**16. Spouses and Former Spouses:** If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state. **Name:**

NONE
[X]

**17. Environmental Information:**

For the purposes of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.
"site" means any location, facility, or property as identified under any Environmental Law, whether or not presently or formally owned or operated by the debtor, including, but not limited to, disposal sites.
"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. **Indicate the site name and address; the name and address of the governmental unit; the date of the notice; and, if known, the Environmental Law.**

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of hazardous material. **Indicate the site name and address; the name and address of the governmental unit; the date of the notice; and, if known, the Environmental Law.**

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. **Indicate the name and address of the governmental unit that is or was a party to the proceeding; the docket number; and the status or disposition.**

NONE
[X]

**18. Nature, location & name of business:**
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation; partner in an partnership; sole proprietor; or was a self employed in a trade, professional or other activity, either full- or part-time, within **six years** immediately preceding the filing of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this bankruptcy case.

*If the debtor is a partnership*, listed the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, lists the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or own 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

NONE
[X]

b. Identify any business listed in response to subdivision a. , above, that is "single asset real estate" as defined in 11 USC §101: *"real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental."*

I declare under penalty of perjury that I have read the foregoing Statement of Financial Affairs, and any attachments thereto, and that they are true and correct.

Date signed: ___March 12, 2009___          /s/_____
                                            Anotte Laurent

*Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to five years, or both. 18 USC §§152 and 3571*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

Laurent, Anotte                                                                            Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property #1 | NONE |
| --- | --- |

| Creditor's Name: | Describe Property Securing Debt: |
| --- | --- |

Property will be *(check one)*:   [ ] Surrendered     [ ] Retained

If retaining the property, I intend to *(check at least one)*:
[ ] Redeem the property
[ ] Reaffirm the debt
[ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
[ ] Claimed as exempt     [ ] Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property #1 | NONE |
| --- | --- |

| Lessor's Name: | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): [ ] YES   [ ] NO |
| --- | --- | --- |

3. I **declare under penalty of perjury that the above indicates my/our intention as to any property of my/our estate securing a debt and/or personal property subject to an unexpired lease.**

Date signed:   March 12, 2009

/S/
Anotte Laurent

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

Laurent, Anotte

_____

Peter Scribner, Esq., pursuant to Rule 2016(b) of Bankruptcy Rules, states that:

1. I am the attorney for the Debtor in this case.

2. The compensation agreed to be paid by the Debtor to me for basic bankruptcy services is:

      a) <u>$1,001.00</u>  for legal services rendered or to be rendered in contemplation of and in connection with this case.

      b) The amount of $1.001.00 was paid by the Debtor prior to filing this statement.

      c) The unpaid balance, if any, is $0.00

3. **$299.00** of the filing fee has been paid.

4. The services rendered or to be rendered include the following:

      (a) Analysis of the financial situation, and rendering advise and assistance to the Debtor in determining whether to file a petition under title 11 of the United States Code.

      (b) Preparation and filing of the petition, schedules, statements of affairs, plans, and other documents of the court.

      (c) Representing the Debtor at the section 341 meeting, plan confirmation hearings, and discharge/reaffirmation hearings;

      (d) Removal of garnishments or wage assignments;

      (e) Negotiate valuation of secured claims.

      (f) Representation of the Debtor in any proceedings or negotiations for any motions to reaffirm debts, to redeem exempt personal property from liens, to abandon or clear title to real property, or to avoid judicial liens on property of the Debtor.

5. The services rendered or to be rendered for the above amount do not include representation of the Debtor in any adversary proceeding; state court action or proceeding; objections to claims; motions to amend the petition, schedules or statements to comport with developments after the 341 meeting; motions to lift the automatic stay; court hearings required to determine valuation of secured property or claims; or trustee proceedings to sell property.

6. The source of the payments made by the Debtor to me was from wages, earnings and compensation for services performed.

7. The source of payments to be made by the Debtor to me for the unpaid balance remaining will be from wages, earnings and compensation for services performed.

8. I have received no transfer, assignment or pledge of property.

9. I have not shared or agreed to share with any other entity, other than with my law firm, any compensation paid or to be paid.

Dated: March 12, 2009

      Respectfully submitted: /s/_____

      PETER SCRIBNER, ESQ.

      1110 Park Ave.; Rochester, NY  14610 (585) 261-6461

ACC
921 Oak Street
Scranon, PA 18508

American Credit
PO Box 264
Taylor PA 18517

Afni
PO Box 3427
Bloomington, IL 61702

Afni
404 Brock Dr
Bloomington, IL 61701

Alliance One
1684 Woodlands Dr.
Maumee, OH 43537

Anesthesia of Orlando
400 N Mills Ave.
Orlando, FL 32805

Arrow Financial
5996 West Touhy Ave
Niles, NY 60714

Arrow Financial
8589 Aero Drive
San Diego, CA 92123

Bright House
844 Maguire Road
Ocoee, FL 34761

Credit Protection Association
Agent for Bright House
13355 Noel Rd suite 2100
Dallas TX 75240

Central Florida Educators FCU
PO Box 958471
Lake Mary, FL 32795-8471

Collection Bureau
1595 S. Semoran Blvd  Ste 1550
Winter Park, FL 32792

Consumer Portfolio Services, Inc
PO Box 98731
Phoenix AZ 85038-0731

Consumer Portfolio Services, Inc
2605 Maitland Center Parkway, Suite A
Maitland, FL 32751

Consumer Portfolio Services, Inc
19500 Jamboree Road
Irvine, CA 92612

Direct TV
PO Box 78626
Phoenix, AZ 85062-8626

NCO Financial Services
Agent for Direct TV
PO Box 4906 Dept. 09
Trendon, NJ 08650

Direct TV
2230 East Imperial Highway
El Segundo, CA 90245

Dorado Apartments
1400 W Donegan Ave ,,
Kissimmee, FL 34741

Florida First Financial
Agent for Doprado Apartments
1718 E. Giddens Ave.
Tampa, FL 33610

Drive Financial Services
PO Box 660633
Dallas, TX 75266-0633

Santander Consumer USA Inc.
P.O. Box 562088
Suite 900
Dallas, TX 75247

Family Health
10000 West Colonial Drive
Ocoee, FL 34761

Health America Credit Union

9790 Touchton Road
Jacksonville, FL 32246

Health Central
10000 West Colonial Drive
Orlando, FL 34761

Premium Asset Recovery
Agent for Health Central
350 Jim Morgan Blvd. Suite 2
Deerfield, Fl 33442

HSB Retail Services
PO Box 5238
Carol Stream, IL 60197-5328

HSBC Financial Corp.
26525 N Riverwoods Blvd
Mettawa, IL 60045-3428

Household Bank
Dept. 7680
Carol Stream, IL 60116-7680

LVNV Funding LLC
Successor to HSBC
15 South Main Street Suite 600
Greenville, SC 29601

LVNV Funding LLC
Successor to HSBC
P.O.Box 3038
Evansville, IN 47730

LVNV Funding LLC
Successor to HSBC
9700 Bissonnet, Suite 200
Houston, TX 77036

Longwood Kia
725 N US Highway 17/92
Longwood, FL 32750

National Action Financial Services
PO Box 9027
Williamsville, NY 14231

NCO Financial
PO Box 7216
Philadelphia PA 19044

Orlando Regional Health Care
1414 Kuhl Avenue
Orlando, FL 32806

OSI Collections Services
Agent for Orlando Regional Health
PO Box 3900
Lakeland, FL 33802

Midland Credit Management
Agent for Orlando Regional Health
8875 Aero Drive
San Diego, CA 92123

Midland Credit Management
Agent for Orlando Regional Health
PO Box 85260
San Diego, CA 92186

RMB Inc
Agent for Orlando Regional Health
409 Bearden Park Circle
Knoxville, TN 37919

Pathology Specialist, PA
1814 Bellevue Avenue
Orlando, FL32806

People Gas
702 North Franklin St.
Tampa, FL 33601-2562

Online Collection
Agent for People's Natural Gas
202 West Fire Rd.
Winterville, NC 28590

Physician Associate
550 E. State Road 434
 Longwood, FL 32750

IC Systems
PO Box 64378
Saint Paul, MN 55164

Russo, John E.; DMD
430 North Mills Avenue
Orlando, FL 32803

Capital Accounts
Agent for John Russo, DMD
PO Box 140065
Nashville TN 37214

Sprint
6391 Sprint Parkway
Overland Park KS 66251-4300

Pentagroup Financial
Agent for Sprint
5959 Corporation Drive Suite 14
Houston TX 77036

Supra Telecom
3637 Meadow Lake Ln,
Orlando, FL 32808

Rickenbacker Group
Agent for Supra Telecom
15005 Concord Circle
Morgan Hill, CA 95037

Target
PO Box 59231
Minneapolis, MN 55459

The Credit Bureau Inc.
19 Prince Street
Rochester NY 14607

Wachovia Bank
1525 West W.T. Harris Blvd.
Charlotte, NC 28288

RJM Acquisitions
Agent for Wachovia
575 Underhill Blvd
Sosset, NY 11791-3426

Washington Mutual
PO Box 660509
Dallas, TX 75266

ERS Solutions, Inc.
Agent for Washington Mutual
PO Box 9004
Renton, WA 98057-9004

United Recovery Systems, Inc.
Agent for Washington Mutual
3100 S. Gessner Suite 400
Houston, TX 77063

Wegmans Credit Department
1500 Brooks Avenue
PO Box 30844
Rochester, NY 14603-0844